{¶ 27} I write separately not to disagree with the majority's analysis or result, but to express my disagreement with the Ohio Supreme Court's position in Kemper. The court's answers to the certified questions propounded by the federal district court were given without any legal discussion whatsoever, and I can think of nothing that may have justified the answers. I agree wholeheartedly with Chief Justice Moyer's dissent in which he argued that there is no statutory support whatsoever
to continue to impose the Linko requirements after R.C. 3937.18 has been amended by H.B. No. 261. Kemper at ¶ 15-17 (Moyer, C.J., dissenting). There clearly was a valid offer and selection in this case, and I think it perfidious to suggest that an absence of information regarding premiums casts any doubt on the knowing and voluntary nature of the selection. To suggest that a business would not inquire about the cost of the insurance before selecting a level of coverage is absurd, and it is exactly this sort of mischief that the legislature intended to eliminate when it amended R.C. 3937.18 to create a statutory presumption of a valid offer until proven otherwise.